# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 11-139 PA (PLAx) | Date | February 2, 2011 |
|---|---|---|---|
| Title | Richard Morrell v. CVS Pharmacy, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

    Before the Court is a Notice of Removal filed by defendant CVS Pharmacy, Inc. ("Removing Defendant") on January 20, 2011.  Removing Defendant asserts that this Court has jurisdiction over this action based on the Court's diversity jurisdiction.  See 28 U.S.C. § 1332.

    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction."  Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

    In attempting to invoke this Court's diversity jurisdiction, Removing Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state.  Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).  Persons are domiciled in the places they reside with the intent to remain or to which they intend to return.  See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."  Id.

    Here, the Notice of Removal alleges: "CVS is informed and believes that at all relevant times Plaintiff is, and was at the time this action was commenced, an individual residing in the State of California and a citizen of that state." (Notice of Removal, ¶ 7.)  However, the Ninth Circuit has held that "[a]bsent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to

**JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 11-139 PA (PLAx) | Date | February 2, 2011 |
|---|---|---|---|
| Title | Richard Morrell v. CVS Pharmacy, Inc., et al. | | |

allege affirmatively the actual citizenship of the relevant parties." <u>Kantor</u>, 265 F.3d at 857; <u>Bradford v. Mitchell Bros. Truck Lines</u>, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient."). Thus, because Removing Defendant has alleged Plaintiff's citizenship on "information and belief," the Notice of Removal's allegations are insufficient to establish Plaintiff Richard Morrell's citizenship. Removing Defendant's allegations are accordingly insufficient to invoke this Court's diversity jurisdiction.

      Removing Defendant has failed to meet its burden to demonstrate the Court's diversity jurisdiction. Accordingly, the Court remands this action to San Bernardino County Superior Court, Case No. CIVDS 1015733. <u>See</u> 28 U.S.C. § 1447(c).

      IT IS SO ORDERED.